# THE UNITED STATES DISTRICT COURT FOR

# THE EASTERN DISTRICT OF MICHIGAN

VICTORIA A. ROBERTS

**MICHAEL CURTIS LYONS**

       Plaintiff,

Case No: _____ NI

HON. JUDGE

**Versus.**

# 02-73070

MAGISTRATE JUDGE KOMIVES

**THE STATE BAR OF MICHIGAN,**
**VICTORIA V. KREMSKI,** and **THE STATE**
**BOARD OF LAW EXAMINERS. TRACI L.**
**RICHARDS** an Attorney at Law. Practicing at
**METROPOLITAN LEGALGROUP, P.L.P.C.**
**SHAUN MICHAEL J. NEAL** a third party attorney
at Law. and **BOBBIE PARROTT** a School Teacher
with the Jewish Vocational Services. **JAMES T. FARREL,**
**FAMILY INDEPENDENT AGENCY** and
**DIANNA F. MAYWEATHER** an individual.

       Defendants.

_____/

**MICHAEL C. LYONS P.C.**
Legal Advisor for Plaintiff's
13300 Elmdale Street
Detroit, MI 48213-1709
(313) 371-3710

## _COMPLAINT FOR DECLARATORY JUDGMENT_
## _AND DEMAND FOR INJUNCTION RELIEF_

This civil action between these parties or other parties arising out of the same
transaction or occurrence alleged in the Complaint, has been previously
filed in the Circuit Court where its docket's # 01-127018-CZ and also case
no: 01-134602-NI that's both are assigned to Judge Isidore B. Torres in the
3rd Judicial Circuit Court.

**THE PLAINTIFF'S,** by his tort case action, as MICHAEL C. LYONS

Legal Assistant only, files this Complaint seeking 'Declaratory Judgment pursuant to

FRCP.57 and FRCP. 1246 are against **THE STATE BAR OF MICHIGAN**,

**VICTORIA V. KREMSKI** and **THE STATE BOARD OF LAW**

**EXAMINERS** , TRACI L. RICHARDS an Attorney at Law, practicing at

METROPOLITAN LEGAL GROUP, P.L.L.C.  SHAUN MICHAEL J.

NEAL a third party 'Attorney at Law.  And  BOBBIE PARROTT a school teacher

with the Jewish Vocational Services, and therefore, for their actual grounds do says:

## I.    JURISDICTION AND CHANGE OF VENUE

1.      That at all relevant times pertinent hereto, Plaintiff MICHAEL C.

LYONS, is a residence of the City of Detroit, County of Wayne, State of Michigan.

2.      That at all relevant times pertinent hereto, Defendant THE STATE BAR

OF MICHIGAN, (hereinafter referred to as 'State Bar of Michigan'), is a Michigan

Corporation for the State of Lansing, is conducting its business in Lansing, State of

Michigan.

3.      That at all relevant times pertinent hereto, Defendant VICTORIA V.

KREMSKI, (hereinafter referred to as 'Ms. Kremski), is an Regulation Counsel for the

State Bar of Michigan, in the State of Lansing, conducting her authority as an prosecuting

Attorney, in the State of Michigan.

4.      That at all relevant times pertinent hereto, Co-Defendant THE STATE

BOARD OF LAW EXAMINERS, (hereinafter referred to as 'State Board of Law

Examiners), is a Michigan corporation with their authority of eligibility for admission to

The bar, in the State of Lansing, conducting business in the State of Michigan.

5.     That at all relevant times pertinent hereto,  Co-Defendant TRACI L.

RICHARDS, (hereinafter referred to as 'Ms. Richards), is an Attorney at Law.,

Practicing at Metropolitan Legal Group, P.L.L.C  in the State of Michigan, is a residence

of  Shelby, in the State of Michigan.

6.     That at all relevant times pertinent hereto, Co-Defendant SHAUN

MICHAEL J. NEAL (hereinafter referred to as 'Mr. Neal), is a third party 'Attorney

at Law, is conducting his private practice as a residence of the City of Detroit, County of

Wayne, State of Michigan.

7.     That at all relevant times pertinent hereto, the Defendant BOBBIE

PARROTT (hereinafter referred to as 'Mr. Parrott), is a school teacher with the 'Jewish

Vocational Services', is a residence of the City of Detroit, County of Wayne, State of

Michigan.

          a.     conducting his authority in teaching students.

          d.     counseling with adults and supervisor of the Jewish Vocational
                 Services,

          c.     supervising in relation of his termination from Jewish Vocational
                 Services., after suspension by boycotting, publication and picketing
                 Before the facility.

8.     The 3rd Judicial Circuit Court had original subject matter jurisdiction cause

these incidents arose out of the same transaction or occurrence by docket no: 01-127018-

CZ, whereby is before the Honorable Judge Isidore B. Torres, from the incidents where

The Defendant (Ms. Richards) submitted certain documentation to his Court room, that

3.

Request that the Court apprehend the Plaintiff (Mr. Lyons) and place him in jail. However, this United State District Court has subject matter jurisdiction over state and It's agency, arising out of docket no: 01-134602-NI, with the 3rd judicial circuit court were out jurisdiction to entertain a declaratory judgment against the state; (See, Restatement (Second of Agency § 2.).

9.     Pursuant to the Applicable Court Rules under MCLA. §§ 600.2911/600.2912, and MCLA 600.2907 et seq. In fact, this complaint assert that subject matter jurisdiction is under the violations found by the 'Fourth, Fifth and Fourteenth Amendment of the United States Constitution, by the freedom to conduct business as to the Equal Opportunity Commission Acts, under FRCP. 57 & FRCP. 1246, by harm to Plaintiff (Mr. Lyons) economic intangible personal interest in a professional business relationship.

10.     That at all relevant times pertinent hereto, place, as a JUDGMENT IN ACTION INVOLVING MULTIPLE CLAIMS and/or MULTIPLE PARTIES ,arises under FRCP. 57, FRCP. 54 (B) and FRCP. 60 . That upon all other acts or omissions, that the Defendants offense took place out of the same transaction or occur -rence in three separated incidents against the Plaintiff, and the Defendant ( State Bar of Michigan) was contacted by all of the Co-Defendants, that's named in the caption, in which all parties in the complaint are not mention by the Defendant (State Bar of Michi -gan).   If, at all times related thereof, all the additional non-party Defendants are located in the County of Wayne, State of Michigan.

11.     That the undisputable amount in the 'Controversy, will exceed over their full limits of the Professional Business Relationships, that will impose a 'Strict Liability in Tort' against the Defendants insurance carriers for the acts or omission by requesting

that the Honorable Judge place (Mr. Lyons) in jail. Yet, it precisely present 'Malicious Prosecution, by gross negligence of misrepresentation of law, and Slander,[Libel] or is Defamation of Character to the amount of **$5,500,000.00 dollars ($5.5 Million).**

12.     Whereby, therefore, that cause of action bring a sure default to one harm to their economic intangible personal interest by a professional business relationships, and tortuous interference with advantageous by intentional intrusion upon seclusion of the liar failed contractual business relations. Thus, is equity true to the exclusiveness of cost -deposition expensive and legal aid fees, with certain other non-economic interest by a working related incidents, by request that a court judge take authority and place (Mr. Lyons) in jail. [Domestic Relations Matter], which are set forth herein.

      a.    domestic relations matter that include extortion

      b.    a domestic relations matter that include breach of contract and to bring about false stalking charges or false rumors; or

      c.    a domestic relations matter that include false statement to have someone placed in prison illegally.

## FIRST BASIS
### I.
## GENERAL FACTUAL ALLEGATIONS

13.     Plaintiff's hereby incorporates by reference in all allegations that's assert and contained within all previous sub-paragraphs (1) through (12) as if they seen fully set forth herein.

14.     On the date of February 15, 2001, Plaintiff MICHAEL C. LYONS (hereinafter referred to as 'Mr. Lyons), when to the 3rd Judicial Circuit Court of Wayne County, at the City County Building in Detroit, whereby, he had a schedule hearing that

Was before the Honorable Judge Isidore B. Torres, as reference by docket no: 00-037146
-CZ Michael C. Lyons v. Michigan Basic Property Insurance Association et al.

15.      However, doing the schedule hearing while on the record the Honorable

Judge Isidore B. Torres had to stop the oral argument on the record because on that same

Date of February 15, 2001 he received a fax memo and/or facimile transmission from the

Defendants TRACI L. RICHARDS (hereinafter referred to as 'Ms. Richard)' a letter

From her and attorney Shaun M.J. Neal and the memo or fax's had noted: (please read

this message), then the court judge asked the Plaintiff a few question about an attorney

by the name of [Traci L. Richards].

16.      Yet, it was remotely because previously he asked was attorney Shaun M.J.

Neal involved in this case at this time, which Plaintiff (Mr. Lyons) had discussed on a

Certain level that he had only discussed the underlying tort case with only attorney Shaun

M.J. Neal and [not] Defendant (Ms. Richards).    Now, this was determine to the judge

that Plaintiff in no way had talked about attorney Traci L. Richards and so he quickly,

Reviewed the case file to find if any thing is reference to her name or license number

appearing on any pleading in the case file and it was determined that her name was [not]

on any of the case filed so the judge continue with the schedule hearing on the record.

17.      According to the Defendants, statements in the memo or fax's that she was

requesting that the court apprehend the Plaintiff (Mr. Lyons) and place him in jail, and

quote:

6.

## PLEASE READ THIS MESSAGE

It is my understanding that Michael Lyons represented to the court that he works for me and that I am going to be his counsel of record regarding the above reference case. These assertions are false. At no time did I ever employ or contract Michael Lyons to do any work for me and I have not been retained to represent him in the Instance action. In the past Michael Lyons has indicated that he works for me and Another attorney by the name of Shaun Neal.

For your records, I am including a letter by Shaun Neal sent recently to Michael Lyons regarding false allegations by Michael Lyons. It is my intent to pursue this matter to the fullest extent of the law because Michael Lyon's conduct is affecting my good name and reputation. **If there is anyway for the court to exercise its Judicial powers and [arrest Michael Lyons] for contempt of court, 'I beg the Court to do so now and if the court needs live testimony in order to do so,** Please call me today and either I or **Shaun Neal** will be in court tomorrow to Testify.

In fact, when I first learned that Michael Lyons made these false allegations about Me in your court, I called the **State Bar of Michigan to initiate a complaint.** I Spoke with **Victoria Kremski** whose number is (517) 346-6310, who informed Me that she is very familiar with Michael Lyons and that I was not the first attorney He has done this to in the metropolitan Detroit area. She is very willing to speak With anyone regarding Michael Lyon's conduct.

Feel free to read the contents of this letter tomorrow during the hearing.

If the court has any questions regarding this letter, please call me at the number Listed above or at (313) 506-3630

Total number of pages, including this page 2.

**THIS FAX TRANSMISSION IS CONFIDENTIAL AND INTENDED ONLY FOR THE PERSON NAMED ABOVE. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT 'TRACI L. RICHARDS AT (810) 412-1717, IMMEDIATELY, AND RETURN THE DOCUMENT(S) IMPROPERLY RECEIVED TO THE ABOVE ADDRESS VIA FIRST CLASS MAIL. THANK YOU ?**

The facsimile transmission or fax's memo read a little bet different that there was 'slander

[libel] and defamation of character to include *'Malicious Prosecution'* by Traci Richards.

18.     As a direct and proximate result of the actions of the Defendants (State Bar

of Michigan), Traci L. Richards, Shaun M. J. Neal and Bobbie Parrott complaints to the

State Bar of Michigan, he have suffered harm by tangible economic personal interest

As being a legal assistant or legal advisor his career is over and he will never be able to

Practice law.

7.

19.     The admission of liability is a direct duly to disclose, which violated his constitutional rights as to the equal opportunity in a professional business, which include his Forth, Fifth and Fourteenth Amendment Rights, by intentional intrusion upon seclusion, by the assertion of having suffered humiliation by extreme embarrassment, both economic and non-economic, which also excess in damages over **FIVE MILLION, FIVE HUNDRED THOUSAND DOLLARS ($5,500,000.00),** including but not limited To the following:

    a.     future employment as a legal aid or legal advisor, by which he sustained detriment or injuries to his demeanor.

    b.     physical pain and suffering, several extremes inflection of such emotional harm, mental anguish,

    c.     physical pain and suffering by several emotional distresses, degradation, mounts of embarrassments, severe extreme humiliation, and

    d.     loss of career and profession as being a legal aid for over twenty years in which have doe hundreds of cases,

    e.     shock, by a the loss of good friends that you try to help, all past, present and future.

## COUNT I.

## MALICIOUS PROSECUTION
## BY GROSS NEGLIGENCE MISREPRESENTATION
## OF LAWS BY FALSE PUBLICATION OF MEMO

20.     Plaintiff's hereby incorporates by reference in all allegations asserted and contained within all previous sub-paragraphs (13) through (19) as if they seen fully set forth herein.

8.

21.     Defendants THE STATE BAR OF MICHIGAN a Michigan Corpora

-tion for the State of Lansing Michigan, TRACI L. RICHARDS in the capacity of the

Metropolitan Legal Group, P.L.L.C. , SHAUN MICHAEL J. NEAL and BOBBIE

PARROTT, all made complaint to the State Bar of Michigan that allegedly imposed

this "Malicious Prosecution" by gross negligence misrepresentation of laws by the false

publication of the memo or fax's to the Honorable Judge Isidore B. Torres.

22.     The incidents that led to the allegation of the Plaintiff MICHAEL C.

LYONS being brought upon by charges of being practicing law by Defendant (State Bar

Of Michigan) was that Defendant (Mr.Parrott) was boycotting or picketing the Jewish

Vocational Service of being a school teacher who in turn was wrongfully terminated and

Defendant (Ms. Richards) was trying to blackmail the Plaintiff (Mr. Lyons) to marry her,

by her filing false Stalking charges against him in the Macomb County Circuit Court.

23.     The Defendants (Mr. Neal) was caught in the act of conspiring with the

opposing party at a bench trial before Judge Robert Colombo by purposely submitting

false evidence at trial so the opposing party would win the case on error.  However, while

Plaintiff (Mr. Lyons) was in the rest room he over-heard attorney Shaun Michael J. Neal

making unlawful deals with the opposing party so Plaintiff (Mr. Lyons) would lose the

case and when the Plaintiff (Mr. Lyons) confronted Shaun M. Neal about the incident he

only said that the Plaintiff don't have any proof to prove that he conspired with the

opposing party so the Judge wouldn't rule in his favor.

24.     As a direct and proximate result of the intentional intrusion upon seclusion

by the Malicious Prosecution by negligence misrepresentation of law by false publication

of a memo or fax's by the above Defendants State Bar of Michigan alleged prosecution of

Plaintiff (Mr. Lyons) by nothing but lies by all the Above Defendants.   The Plaintiff has

Suffered damages, both economic and non-economic, in excess of **($5.5 Million Dollars)**

Including, but not limited to, the following: physical pain and suffering, mental anguish,

Several emotional distress, degradation, embarrassment and extreme humiliation, all past,

Present and future and will state as follows:

a.   **Failure to properly disclose** pertinent information in
regarding to the potential safety and welfare of Plaintiff,
and by all the above Defendants Misconduct.

b.   **Failure to properly warn** Plaintiff Michael Lyons of
Traci L. Richards making false complaints or history, Including
Filing false stalking charges to the Macomb county Jail to have
Plaintiff arrested illegally and the History of her other alleged
incidents to have her also contact the State Bar of Michigan by
filing a false Complaint.

c.   **Failure to properly include** the pertinent information
to Plaintiff of the true source of why the State Bar of
Michigan would be investigating a unauthorized practice
Of law inquiry when they knew Plaintiff is only a legal aid.

d.   **Failure to properly recommend** and follow through upon
the alleged information by these complaints made by the above
Defendants, by only speculation or there are presumptively
Sufficient facts to bring prosecution Plaintiff for unauthorized
Practice of law when he informed the State Bar of Michigan
That he works for an attorney.

e.   **Failure to timely and properly review** all pertinent information
asserted and contained as to both of the attorneys conduct of
defrauding their clients out of their money that would include a
unauthorized practice of law against them, and informed the
courts of their history of making false complaints.

f.     **Any and all other acts and/or omissions** that may be construed as to detriment or injuries to Plaintiff being a legal aid and the potential lost of his career, violates his equal rights under the equal opportunity protection clause, that concludes malicious prosecution by gross negligence misrepresentation of laws by the publication of a memo or fax's that maybe revealed during the course of discovery.

## COUNT II.

## DECLARATORY JUDGMENT
## FOR SLANDER,[LIBEL] & DEFAMATION OF
## A PERSON CHARACTER

25.     Plaintiff hereby incorporates by reference in all said allegations that's asserted and contained within all previous sub-division as if they seen fully set forth herein.

26.     On the date of February 15, 2001, Plaintiff MICHAEL C. LYONS (hereinafter referred to as 'Mr. Lyons), when to the 3rd Judicial Circuit Court of Wayne County, at the City County Building in Detroit, whereby, he had a schedule hearing that Was before the Honorable Judge Isidore B. Torres, as reference by docket no: 00-037146 -CZ: Michael C. Lyons  v.  Michigan Basis Property Insurance Association et al.

27.     However, doing the schedule hearing while on the record the Honorable Judge Isidore B. Torres had to stop the oral arguments on the record because on that Same date of February 15, 2001,he received a fax's memo and/or facimile transmission From the Defendant (Ms. Richards), a letter from her and attorney Shaun M.J. Neal and The memo or fax's had noted: (please read this message), then the court judge asked the Plaintiff a few question about an attorney by the name of [Traci L. Richards].

28.     Yet, it was remotely because previously he asked was attorney Shaun M.J.

11.

Neal involved in the case at this time.   Which, Plaintiff (Mr. Lyons) had discussed on a certain level that he had only discussed the underlying tort case with only attorney Shaun M.J. Neal and [not] Defendant Traci L. Richards.   Conversely, this was determined by the judge that Plaintiff in no way had even talked to attorney Traci L. Richards, thereafter, he quickly reviewed the case file to find if any thing is reference to her name or license Number was appearing on any pleading in the case file and it was determined that her' name was [not] on any of the case file papers, so the judge continued with the schedule hearing on the record.

29.     As a direct and proximate result of the intent, what was according to the Defendants, statements in the memo or fax's that she was requesting that the court Apprehend the Plaintiff (Mr. Lyons) and place him in jail, is proven by a preponderance Of the evidence (See., Exhibit A.), and it quoted: *[please read this message]*, to slander [libel] by Defamation of Character against the Plaintiff, arises under FRCP. 1245/1246 & MCL 600.2912 et seq., and Plaintiff has suffered damages, both economic and non-Economic, to impose their full limit of the insurance policy liability for extreme damages, According to FRCP. 54 (B), as an percentage of fault consideration as to the commence made which trigger the causation for a **Declaratory Judgment** for a **Slander/libel** or **"Defamation of Character"** claim in the amount of **($5,500,000.00) Dollars FIVE MILLION, FIVE HUNDRED THOUSAND DOLLARS,** including, mental anguish, Several emotional distress, degradation, embarrassment and extreme humiliation by the Act or omission, all past, present and the future.

MR. MICHAEL CURTIS LYONS LEGAL AID

By. *Michael C. Lyons*

Michael C. Lyons P.C. Legal Assistant
For Plaintiff
13300 Elmdale Street
Detroit, MI 48213-1709
(313) 371-3710

Dated: July 16, 2002

## COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR INJUNCTION RELIEF

This civil action between these parties or other parties arising out of the same Transaction or occurrence alleged in the Complaint, has been previously Filed in the Circuit Court where its docket # 01-127018-CZ and also case No: 01-134602-NI that's both are assigned to Judge Isidore B. Torres in the 3rd Judicial Circuit Court.

**THE PLAINTIFF'S,** by his tort case action, as MICHAEL C. LYONS

**Legal Assistant** only, files this Complaint seeking 'Declaratory Judgment' pursuant to

FRCP. 57, FRCP. 54 (B) and FRCP. 1246, FRCP. 1245 are against THE STATE

BAR OF MICHIGAN, VICTORIA V. KREMSKI and THE STATE BOARD

OF LAW EXAMINERS. TRACI L.RICHARDS an Attorney at Law, practicing

at METROPOLITAN LEGAL GROUP, P.L.L.C.  SHAUN MICHAEL J.

NEAL a third party 'Attorney at Law.  And BOBBIE PARROTT a school teacher

license with the Jewish Vocational Services, and therefore, for their actual second

grounds do says:

## II.   JURISDICTION AND CHANGE OF VENUE

According to Defendants memo or fax's preamble, Defendants did mentions as a

Basis for their complaints, to the State Bar of Michigan. Yet, the statutes purportedly in

The Michigan Complied Laws which is cited for the acts or omissions surely exists;

Irrespectively, Defendants is left to their proofs as to the grounds under MCL 600.901;

MSA 27A.901 et seq., for jurisdiction in this matter.

## COUNT III.

### DECLARATORY JUDGMENT
### FOR MALPRACTICE IN A BUSINESS TRANSACTION
### BY A BREACH OF CONTRACT OF PROFESSIONAL
### MISCONDUCT IN COURT PROCEEDING

30.     Plaintiff's hereby incorporates by reference in all allegations that's

asserted and contained within all previous sub-division as if they seen fully set forth

herein.

31.     The Plaintiff MICHAEL C. LYONS (hereinafter referred to as 'Mr.

Lyons), entered into a contract agreement with Attorney Shaun M.J. Neal to represent

him in three pending tort cases in the 3rd Judicial Circuit Court of Wayne County, which

are docket numbers: 98-839912-CZ, 99-940431-CZ and 99-804742-CZ.

32.     However, in each of the cases that the Defendants (Mr.Neal) pursued for

the Plaintiff (Mr. Lyons) somehow these cases was not prosecuted properly, and apparent

-ly he was out to make money for himself or his law firm, when every time he tried to

conspired with the opposing parties in those three cases he was caught in the act of not

filing the pleading in opposition to their motion to dismiss or he failed to file any

pleading at all.

33.     When, the Plaintiff confronted him about his knowledge of his misconduct

and informed him that the door was open for him to be a honest attorney he stated he

14.

would not do it again. However, when he was hired to represent Robert M. Balderamma

he conspired with the opposing party and Mr. Balderamma was force out of business by

Attorney Shaun M.J. Neal gross negligence and greed for money by taking payoffs.

34.     Therefore, every time the Plaintiff (Mr. Lyons) and Defendant (Mr. Neal)

had an contract agreement on a tort case action.   Mr. Neal would breach the contract

by conspiring with the opposing party to get some quick money for the opposing parties

to get the case dismissed on errors.

35.     As a direct and proximate result of the actions of the Defendants (Ms.

Richards) and Shaun M.J. Neal working relationship they have declare the Plaintiff (Mr.

Lyons) rights to a '**Declaratory Judgment by Malpractice in a Business Transaction**

**By a Breach of Contract of Professional Misconduct in Court Proceeding in relation**

**-ship,** and Plaintiff has suffered damages, both economic and non-economic, to exceed

their full limit of their insurance policy by a Professional Business Relationship, in the

amount  of **TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00),**

including but not limited to, the following: physical pain and suffering, mental anguish,

several emotional distress, degradation, embarrassment and extreme humiliation, all past,

present and the future.

# COUNT  IV.

## FRAUD & MISREPRESENTATION OF LAW
## BY ATTORNEY FALSE STALKING COMPLAINT
## A "CAUSATION OF FRAUD,  DURESS, UNDUE
## UNFLUENCE TO MACOMB COUNTY POLICE

36.     Plaintiff's hereby incorporates by reference in all allegations that's are

asserted and contained within all previous sub-division as if they seen fully set forth herein.

37.     On and about May 25, 2001 the Plaintiff (Mr. Lyons) received a notice of a 'Petition for Personal Protection Order from the Defendants (Ms. Richards), from the Macomb County Circuit Court that Plaintiff (Mr. Lyons) was stalking her at her home.   Not only, was these nothing but lies, she even stated that Plaintiff had threaten her life if, perpetually if she refuses to marry him.

38.     However, the Plaintiff (Mr. Lyons) responded to her false allegation to the Macomb County Circuit Court, with a answer, by stating that he do [not] no the lady or where she even reside at.   Yet, somehow she was trying to frame the Plaintiff to have him placed in jail, at any means necessary.

39.     In short, the incident in question is that on the date of May 18, 2001 in the 3rd Judicial Circuit Court the Defendant Traci L. Richards physically attacked him in the hallway with a telephone she was carrying in her hand and hit him on the arm.   In fact, she made a scene so everyone in the hallway suspected that she was being attacked and the security officer witness that hold ordeal.

40.     Relentlessly, the incident that led up to Defendant Traci L. Richards filing these false charges to the Macomb County Circuit Court was that she was trying to extort a proposal of marriage from the Plaintiff Michael C. Lyons.   Alternatively, there was allegations that she was abusive with her other male friends, and there was a long case file of other complaints,  that she had been previously stalking one of them to force them to marry her, because she is now approximately thirty years old and still not marry yet.

41.     As a direct and proximate result of the actions of Defendants TRACI L.

RICHARDS, acts or omission of 'Fraud and **Misrepresentation of Law the Attorney**

**False Stalking Complaint, by a causation of fraud, duress, undue influence to the**

**Macomb County Circuit Court.**  The Plaintiff assumed that (Ms. Richards) was married

to attorney Shaun M.J. Neal, but the Plaintiff has suffered damages, both economic and

non-economic , in excess of HUNDRED FIFTY THOUSAND DOLLARS

($150,000.00), including but not limited to, embarrassment, humiliation and violation

of his rights to walk free from being attacked, all past, present and future.

## COUNT  V.

## DECLARATORY JUDGMENT
## FOR INTENTIONAL INTRUSION UPON SECLUSION
## IN ABUSE OF PROCESS AND DOCTRINE OF
## PROMISSORY ESTOPPEL

42.     Plaintiff's hereby incorporates by reference in all allegation that's asserted

and contained with all previous sub-paragraphs (20) through (41) as if they seen fully

set forth herein.

43.     The Defendant Bobbie Parrott has no agreement with the Plaintiff to even

represent him in the litigation but he tutored him in his grammar as learning how to

prepare paragraphs and the Plaintiff only assistant him on a hourly basis and he didn't get

paid for legal advise.

44.     If there was speculation that the Plaintiff had talked to Ms. Richards about

when she was going to get marry, and she needed someone else in her field of the same

working profession.   Therefore, if she changed her mine about getting marry she broke

her promise by making all these complaints against Plaintiff to force him to marry her.

45.     Plaintiff wrote a letter to the Defendants State Bar of Michigan and State

Board of Law Examiners that he had been representing a disable attorney name 'Walter

L. Dukes, Jr., which he notify Victoria V. Kremski about (Mr. Dukes) sending the

Plaintiff (Mr. Lyons) all his files.   However, we ran into several problem of why was the

Plaintiff going to the 3rd Circuit Court, 36th District Court and Federal Court to file

papers on his behalf, because he issue a letter of authority by Durable Power of Attorney

for a ill or disable Simi-Retired Attorney at Law.

      a.     durable power of attorney are issue under MCL 700.5505(1).

      b.     if a substitution of a attorney making the durable power of
         attorney it can be enforce by Durable Power of Attorney for
         Health Care.

      c.     the power of attorney can not be revoked or terminated by
         the provision found under MCL 700.5501 through
         MCL 700.5505(1) et seq.

46.     The amount in controversy exceeds the maximum limits of their insurance

carrier liability for a Professional Business Relationship to the amount of Two Hundred

Fifty Thousand Dollars ($250,000.00) exclusive of costs and interest and this underlying

Tort case is otherwise within the jurisdiction of the 3rd Judicial Circuit Court.

## COUNT VI.

## TORTUOUS INTERFERENCE WITH A CONTROL AND/OR ADVANTAGEOUS OF BUSINESS RELATIONSHIP BY DIRECT HARM TO INTANGIBLE ECONOMIC INTEREST

47.     Plaintiff's hereby re-allege, as if recited verbatim, each and every previous

allegation set forth in Paragraphs (42) through (46) of this Complaint for Declaratory

Judgment and Demand for Injunction Relief.

48.     Plaintiff enjoyed a business relationship with his own cases which had put a reasonable likelihood that his career is over as being a legal assistant or legal advisor to include any future economic benefits for Plaintiff.

49.     Defendants knew of the contract and business relationships and expectant between Plaintiff and these other attorneys.   The direct contract between the Defendants and Plaintiff or the other attorneys was intended to, and did interfere with contract and business relationship and expectances, causing their breach in duly, disputation and/or termination.

50.     The Professional Liability Part of their insurance policies should be also applicable to the Plaintiff Michael C. Lyons legal profession and business opportunities that will terminate any change of him pursuing his career any further.

51.     Pursuant to the application of a Commercial General Policy for the agents of representative of their capacity in the business should be also applicable to his loss.

52.     The court shall not be prejudice by Plaintiff bring this action against so many opposing party Defendants.  The ***buzzword terms*** is that if there corruption in the legal profession by license lawyers and school teachers the court must not look the other way when making a determination of the finding for facts and conclusion of laws.

## **RELIEF REQUESTED**

**WHEREFORE,** The Plaintiff hereby re-alleges, as if recite verbatim, each and Every allegation set forth in sub-paragraphs (1) through (52) of this Complaint for Declaratory Judgment and Demand for Injunction Relief, do says:

A.    As a direct and proximate result of Defendants wrongful misconduct, the

Plaintiff's has suffered substantial economic injury, loss of good will, harm to his career

or business reputation, loss of esteem and standing in the community, and

B.    Loss of business opportunities.

C.    The court must declare the maximum relief that's possible.

D.    That provide a endorsement in the amount of **$5.5 Million Dollars.**

Respectively Submitted,

By.

Michael C. Lyons P.C. Legal Assistant
For Plaintiff
13300 Elmdale Street
Detroit, MI 48213-1709
(313) 371-3710

Dated: July 16, 2002

# THE UNITED STATES DISTRICT COURT FOR

# THE EASTERN DISTRICT OF MICHIGAN

**MICHAEL CURTIS LYONS**

02-73070

Plaintiff,

Case No:
HON. JUDGE

**Versus.**

**THE STATE BAR OF MICHIGAN,**
**VICTORIA V. KREMSKI,** and **THE STATE**
**BOARD OF LAW EXAMINERS. TRACI L.**
**RICHARDS** an Attorney at Law. Practicing at
**METROPOLITAN LEGAL GROUP, P.L.P.C.**
**SHAUN MICHAEL J. NEAL** a third party attorney
at Law. And **BOBBIE PARROTT** a School Teacher
with the Jewish Vocational Services. **JAMES T. FARRELL,**
**FAMILY INDEPENDENT AGENCY** and
**DIANNA F. MAYWEATHER** an individual.

VICTORIA A. ROBERTS

MAGISTRATE JUDGE KOMIVES

Defendants.

_____/

**MICHAEL C. LYONS P.C.**
Legal Advisor for Plaintiff's
13300 Elmdale Street
Detroit, MI 48213-1709
(313) 371-3710

## _COMPLAINT FOR DECLARATORY JUDGMENT_
## _AND DEMAND FOR INJUNCTION RELIEF_

This civil action between these parties or other parties arising out of the same
transaction or occurrence alleged in the Complaint, has been previously
filed in the Circuit Court where its docket # 01-127018-CZ and also case
no: 01-134602-NI that's both are assigned to Judge Isidore B. Torres in the
3rd Judicial Circuit Court.

**THE PLAINTIFF'S,** by his tort case action, as MICHAEL C. LYONS

Legal Assistant only, files this Complaint seeking 'Declaratory Judgment pursuant to

FRCP. 57 and FRCP.1246, are against these Defendants JAMES T. FARRELL.,

Family Independent Agency & DIANNA F. MAYWEATHER., an Individual. THE

STATE BAR OF MICHIGAN,**VICTORIA V. KREMSKI** & **THE STATE**

**BOARD OF LAW EXAMINERS,** TRACI L. RICHARDS an Attorney at

Law, practicing at Metropolitan Legal Group, P.L.L.C in the State of Michigan.

SHAUN MICHAEL J. NEAL a third party 'Attorney at Law. And BOBBIE

PARROTT a school teacher with the Jewish Vocational Services, and therefore, for

their actual grounds do says:

## III.    JURISDICTION AND CHANGE OF VENUE

53.     That at all relevant times pertinent hereto, Plaintiff MICHAEL C.

LYONS, is a residence of the City of Detroit, County of Wayne, State of Michigan.

54.     That at all relevant times pertinent hereto, Defendant JAMES T.

FARRELL, (hereinafter referred to as 'Mr. Farrell), is employed by the Attorney

General Office in Lansing Michigan, as being employed by the Family Independent

Agency, and is conducting their business in the City of Lansing, State of Michigan.

55.     That at all relevant times pertinent hereto, Defendant DIANNA FAYE

MAYWEATHER, (hereinafter referred to as 'Ms. Mayweather),is a residence of the

City of Saint Clair Shore, County of Wayne,  State of Michigan.

56.     That at all relevant times pertinent hereto, Defendant THE STATE

BAR OF MICHIGAN, (hereinafter referred to as 'State Bar of Michigan'), is a

Michigan Corporation for the State of Lansing, is conducting its business in Lansing,

State of Michigan.

     57.     That at all relevant times pertinent hereto, the Defendant VICTORIA

V. KREMSKI (hereinafter referred to as 'Ms. Kremski) is an Regulation Counsel for

The State Bar of Michigan and also on the behalf of Defendant STATE BOARD OF

LAW EXAMINERS, in the State of Lansing, conducting her authority as an prosecut

-ing attorney for unauthorized practice of law MCL 600.916, in the State of Michigan.

     58.     That at all relevant times pertinent hereto, Co-Defendant TRACI L.

RICHARDS, (hereinafter referred to as 'Ms. Richards), is an Attorney at Law.,

Practicing at Metropolitan Legal Group, P.L.L.C in the State of Michigan, is a residence

of Shelby, in the State of Michigan.

     59.     That at all relevant times pertinent hereto, Co-Defendant SHAUN

MICHAEL J. NEAL (hereinafter referred to as 'Mr. Neal), is a third party 'Attorney

at Law, is conducting his private practice as a residence of the City of Detroit, County of

Wayne, State of Michigan.

     60.     That at all relevant times pertinent hereto, the Defendant BOBBIE

PARROTT (hereinafter referred to as 'Mr. Parrott), is a school teacher with the 'Jewish

Vocational Services', is a residence of the City of Detroit, County of Wayne, State of

Michigan.

          a.     conducting his authority in teaching students.

      d.  counseling with adults and supervisor of the Jewish Vocational
        Services,

      c.  supervising in relation of his termination from Jewish Vocational
        Services., after suspension by boycotting, publication and picketing
        Before the facility.

 61.  This 3rd Judicial Circuit Court had original subject matter jurisdiction cause

these incidents arose out of the same transaction or occurrence by dockets no: 01-127018-

CZ, & 01-134602-NI, whereby is before the Honorable Judge Isidore B. Torres, from the

incidents where the Defendant (Ms. Richards) submitted certain documentation to his

Court room, that request that the Court Judge apprehend the Plaintiff (Mr. Lyons) and

place him in jail.

 62.  Pursuant to the Applicable Court Rules under MCLA. §§ 600.2911/600.2912

and MCLA 600.2907 et seq. In fact, this complaint assert that subject matter jurisdiction is

under the violations found by the 'Fourth, Fifth and Fourteenth Amendment of the United

States Constitution, under FRCP. 57 & FRCP. 1246 et seq., by the freedom to conduct

business as to the Equal Opportunity Commission Acts, by harm to Plaintiff (Mr. Lyons)

economic intangible personal interest in a professional business relationship.

 63.  That at all relevant times pertinent hereto, place, as a JUDGMENT IN

ACTION INVOLVING MULTIPLE CLAIMS and/or MULTIPLE PARTIES

,arises under FRCP. 57, FRCP. 54(B) and FRCP. 60 . That upon all other acts and/or

omissions, that the Defendants offense took place out of the same transaction or occur

-rence in three separated incidents against the Plaintiff, and the Defendant ( State Bar of

Michigan) was contacted by all of the Co-Defendants, that's named in the caption, in

Which all parties in the complaint are not mention by the Defendant (State Bar of Michi

-gan). If, at all times related thereof, all the additional non-party Defendants are located in the County of Wayne, State of Michigan.

64.    That the undisputable amount in the 'Controversy, will exceed over their full limits of the Professional Business Relationships, that will impose a 'Strict Liability in Tort' against the Defendants insurance carriers for the acts or omission by requesting that the Honorable Judge place (Mr. Lyons) in jail. Yet, it précising present 'Malicious Prosecution, by gross negligence of misrepresentation of law, and Slander,[Libel] or is Defamation of Character, Conspiracy to Conspirer with the opposing Plaintiff Dianna F. Mayweather, precluded Attorney Misconduct in court proceeding by Defendant James T. Farrell, as reference to docket no: 00-CV-60445 in Federal Court, would impose the full amount of **$5,500,000.00 dollars ($5.5 Million)** that's requested.

65.    Whereby, therefore, that cause of action bring a sure default to one harm to their economic intangible personal interest by a professional business relationships, and tortuous interference with advantageous by intentional intrusion upon seclusion of the liar failed contractual business relations. Thus, is equity true to the exclusiveness of cost -deposition expensive and legal aid fees, with certain other non-economic interest by a working related incidents, by request that a court judge take authority and place (Mr. Lyons) in jail. [Domestic Relations Matter], which are set forth herein.

a.    domestic relations matter that include extortion

b.    a domestic relations matter that include breach of contract and to bring about false stalking charges or false rumors; or

c.    a domestic relations matter that include false statement to have someone placed in prison illegally.

## SECOND BASIS
## GENERAL FACTUAL ALLEGATIONS II.

66.     Plaintiff's hereby incorporates by reference in all allegations that's assert and contained within all previous sub-paragraphs (53) through (66) as if they seen fully set forth herein.

67.     On the date of February 15, 2001, Plaintiff MICHAEL C. LYONS (hereinafter referred to as 'Mr. Lyons), when to the 3rd Judicial Circuit Court of Wayne County, at the City County Building in Detroit, whereby, he had a schedule hearing that Was before the Honorable Judge Isidore B. Torres, as reference by docket no: 00-037146 -CZ Michael C. Lyons v. Michigan Basic Property Insurance Association et al.

68.     However, doing the schedule hearing while on the record the Honorable Judge Isidore B. Torres had to stop the oral argument on the record because on that same Date of February 15, 2001 he received a fax memo and/or facimile transmission from the Defendants TRACI L. RICHARDS (hereinafter referred to as 'Ms. Richard)' a letter From her and attorney Shaun M.J. Neal and the memo or fax's had noted: (please read this message), then the court judge asked the Plaintiff a few question about an attorney by the name of [Traci L. Richards].

69.     Yet, it was remotely because previously he asked was attorney Shaun M.J. Neal involved in this case at this time, which Plaintiff (Mr. Lyons) had discussed on a Certain level that he had only discussed the underlying tort case with only attorney Shaun M.J. Neal and **[not]** Defendant (Ms. Richards).   Now, this was determine to the judge that Plaintiff in no way had talked about attorney Traci L. Richards and so he quickly, Reviewed the case file to find if any thing is reference to her name or license number

26.

appearing on any pleading in the case file and it was determined that her name was [not]

on any of the case filed so the judge continue with the schedule hearing on the record.

70.    According to the Defendants, statements in the memo or fax's that she was

requesting that the court apprehend the Plaintiff (Mr. Lyons) and place him in jail, and

quote:

## PLEASE READ THIS MESSAGE

It is my understanding that Michael Lyons represented to the court that he works
for me and that I am going to be his counsel of record regarding the above reference
case.    These assertions are false.    At no time did I ever employ or contract Michael
Lyons to do any work for me and I have not been retained to represent him in the
Instance action.    In the past Michael Lyons has indicated that he works for me and
Another attorney by the name of Shaun Neal.

For your records, I am including a letter by Shaun Neal sent recently to Michael
Lyons regarding false allegations by Michael Lyons.    It is my intent to pursue this
matter to the fullest extent of the law because Michael Lyon's conduct is affecting
my good name and reputation.    **If there is anyway for the court to exercise its
Judicial powers and [arrest Michael Lyons] for contempt of court, 'I beg the
Court to do so now and if the court needs live testimony in order to do so,**
Please call me today and either I or **Shaun Neal** will be in court tomorrow to
Testify.

In fact, when I first learned that Michael Lyons made these false allegations about
Me in your court, I called the **State Bar of Michigan to initiate a complaint.**    I
Spoke with **Victoria Kremski** whose number is (517) 346-6310, who informed
Me that she is very familiar with Michael Lyons and that I was not the first attorney
He has done this to in the metropolitan Detroit area.    She is very willing to speak
With anyone regarding Michael Lyon's conduct.

Feel free to read the contents of this letter tomorrow during the hearing.

If the court has any questions regarding this letter, please call me at the number
Listed above or at (313) 506-3630

Total number of pages, including this page 2.

**THIS FAX TRANSMISSION IS CONFIDENTIAL AND INTENDED ONLY
FOR THE PERSON NAMED ABOVE. IF YOU HAVE RECEIVED THIS
TRANSMISSION IN ERROR,  PLEASE CONTACT 'TRACI L. RICHARDS
AT (810) 412-1717,  IMMEDIATELY, AND RETURN THE DOCUMENT(S)
IMPROPERLY RECEIVED TO THE ABOVE ADDRESS VIA FIRST CLASS
MAIL.  THANK YOU ?**

The facsimile transmission or fax's memo read a little bet different that there was 'slander

[libel] and defamation of character to include *'Malicious Prosecution'* by Traci Richards.

71.    As a direct and proximate result of the actions of the Defendants (State Bar of Michigan), Traci L. Richards, Shaun M. J. Neal and Bobbie Parrott complaints to the State Bar of Michigan, he have suffered harm by tangible economic personal interest as being a legal assistant or legal advisor his career is over and he will never be able to Practice law.

72.    The admission of liability is a direct duly to disclose, which violated his constitutional rights as to the equal opportunity in a professional business, which include his Forth, Fifth and Fourteenth Amendment Rights, by intentional intrusion upon seclusion, by the assertion of having suffered humiliation by extreme embarrassment, both economic and non-economic, which also excess in damages over **FIVE MILLION, FIVE HUNDRED THOUSAND DOLLARS ($5,500,000.00),** including but not limited To the following:

        a.    future employment as a legal aid or legal advisor, by which he sustained detriment or injuries to his demeanor.

        b.    physical pain and suffering, several extremes inflection of such emotional harm, mental anguish,

        c.    physical pain and suffering by several emotional distresses, degradation, mounts of embarrassments, severe extreme humiliation, and

        d.    loss of career and profession as being a legal aid for over twenty years in which have doe hundreds of cases,

        e.    shock, by a the loss of good friends that you try to help, all past, present and future.

## THIRD BASIS
## III.
## GENERAL FACTUAL ALLEGATION

73.    Plaintiff's hereby incorporates by reference in all allegation that's asserted

and contained within all previous sub-paragraphs (53) through (72) as if they seen fully set forth herein

74.    The attorney for the Family Independent Agency has committed perjury in court proceeding to the Court Judge Marianne O. Battiani by making false allegation to her that Plaintiff Michael C. Lyons has filed (4) four other lawsuit related to the above captioned matter, in a way to mislead the Federal Court so his client (F.I.A.) would have received a dismissal against them when the District Court has supplemental jurisdiction over state.

75.    In fact, the Attorney General James T. Farrell had a secret or private conference with another attorney known only by my sister Defendant Dianna F. May -weather and both attorney demanded that my sister representative over Patricia A. Lyons dismiss all her claims against the (F.I.A) or else she's going to be sanction or held in a criminal contempt of court and the other children would be taken by the (F.I.A.) social workers, just like George Spinks was on September 29, 1998.

76.    However, when Plaintiff Michael C. Lyons learned of this mishaps by conspiring in a conspiracy to entice the Legal Guardian Dianna F. Mayweather the legal representative for Patricia A. Lyons who suffered from disorders., whereby, it was a direct discussion to continued the court proceeding on the basis of unfair surprise and (Mr. Lyons) had informed (Ms. Mayweather) that the United States District Court was in a good faith standard to allowed her to represent 'Patricia A. Lyons as her legal guardian and it was very rare that a District Court would admit her to represent a person who's suffer from disorders.

77.    In short, the Plaintiff Michael C. Lyons have worked along side with some of

the best attorneys as being a legal assistant or legal advisor.   Yet, they apparently threaten or convinced the Defendant Dianna F. Mayweather she must dismiss all her claims that are against the Family Independent Agency or the will be percussion, because first they are protected by the eleventh immunity, and the Attorney James T. Farrell is a good friend of the District Court Judge Marianna O. Battiani.

78.    Conversely, the Plaintiff Michael C. Lyons read through the hold ordeal when he learned that his own sister Defendant Dianna F. Mayweather has deliberately had conspired with the Defendant James T. Farrel to take a pay off.   The Plaintiff Mr. Lyons pleaded with sister about taking the pay off would cause her to commit fraud upon the Federal Court and for her to just wait still the District Court Judge rule on the issues of the eleventh immunity, against the (F.I.A ) employed gross negligence to take a new born infant by a false complaint, but my sister became corrupted and took the pay off.

79.    As a direct and proximate result of the intentional intrusion upon seclusion by the Attorney James T. Farrell Misconduct in Court Proceeding to conspired with Defendant Dianna F.Mayweather in a direct conspiracy to have the case dismissed on errors, and the Malicious Prosecution by negligence misrepresentation of law by false publication of a memo or fax's by the above Defendants State Bar of Michigan alleged prosecution of Plaintiff (Mr. Lyons) by nothing but lies by all the Above Defendants. The Plaintiff has Suffered damages, both economic and non-economic, in excess of **($5.5 Million Dollars),** Including, but not limited to, the following: physical pain and suffering, mental anguish, Several emotional distress, degradation, embarrassment and extreme humiliation, all past, Present and future and will state as follows:

30.

a.   **Failure to properly disclose** pertinent information in
regarding to the potential safety and welfare of Plaintiff,
and by all the above Defendants Misconduct.

b.   **Failure to properly warn** Plaintiff Michael Lyons of
Traci L. Richards making false complaints or history, Including
Filing false stalking charges to the Macomb county Jail to have
Plaintiff arrested illegally and the History of her other alleged
incidents to have her also contact the State Bar of Michigan by
filing a false Complaint.

c.   **Failure to properly include** the pertinent information
to Plaintiff of the true source of why the State Bar of
Michigan would be investigating a unauthorized practice
Of law inquiry when they knew Plaintiff is only a legal aid.

d.   **Failure to properly recommend** and follow through upon
the alleged information by these complaints made by the above
Defendants, by only speculation or there are presumptively
Sufficient facts to bring prosecution Plaintiff for unauthorized
Practice of law when he informed the State Bar of Michigan
That he works for an attorney.

e.   **Failure to timely and properly review** all pertinent information
asserted and contained as to both of the attorneys conduct of
defrauding their clients out of their money that would include a
unauthorized practice of law against them, and informed the
courts of their history of making false complaints.

f.   **Any and all other acts and/or omissions** that may be construed
as to detriment or injuries to Plaintiff being a legal aid and the
potential lost of his career, violates his equal rights under the
equal opportunity protection clause, that concludes malicious
prosecution by gross negligence misrepresentation of laws by
the publication of a memo or fax's that maybe revealed during
the course of discovery.

## COUNT VII.

## DECLARATORY JUDGMENT
## FOR CONSPIRACY TO COMMIT PERJURY
## IN COURT PROCEEDING BEFORE A JUDGE

80.     Plaintiff hereby incorporates by reference in all said allegations that's asserted and contained within all previous sub-division as if they seen fully set forth herein.

81.     On the date of  August 31, 2001 a final decision was enter on a hearing the was held on July 18, 2001 where the Honorable Judge Battiani request the Defendants Dianna F. Mayweather recant her testimony that she wanted to dismiss all her claims with the F.I.A employees and the Family Independent, and it was learned to the Plaintiff Michael C. Lyons his own sister had become corrupted by taking a pay off from the opposing party and loose all changes of ever getting George Spinks out of the system

82.     The conspiracy to take a pay off from the opposing party should have been at a settlement conference.   But, sometimes the greed for money can even turn a sister against her own brother.   The terms specifically precluded enticement by Defendant James T. Farrell and also Attorney Misconduct/Discipline Proceeding in this 3rd Judicial Circuit Court, because the incidents happen in the City of Detroit, County of Wayne, State of Michigan.

## COUNT  VIII.

### THE CIRCUMSTANCE LEADING TO THE UNDERLYING TORT CASE BEING RE-LITIGATED IN FEDERAL COURT WAS DETERMINED BY JUDICIAL MISCONDUCT IN STATE COURTS

83.     Plaintiff's hereby incorporates by reference in all allegations that's are asserted and contained within all previous sub-division as if they seen fully set forth herein.

84.     The decision of the Honorable Judge Battani was one that she allowed us

to come to her court that's incompliance to Plaintiffs constitutional rights for recovery

of the return of the new born infant and gave the Defendant (Ms. Mayweather) a real

good opportunity to represent his sister Patricia A. Lyons by granting her appearance and

admitting her to appear at the United States District Court Eastern District of Michigan

in Ann Arbor, Michigan.

85.     However, the charge of discrimination due to disability of Patricia A.

Lyons was determined by the doctor at Hutzel Hospital breach of medial malpractice

And would previously before Judge Curtis, and docket case no: 99-940431-CZ.  Yet, it

was precisely on the determination that the law clerk improperly dismissed the case and

Not the setting Judge and their was no final orders to the affect, that the case was close on

The presumption by the entry of a final judgment.

86.     Subsequently, we can discuss the finding of facts and conclusion of laws

that the Federal Court Judge also warranted sanction against the Plaintiff Michael C.

Lyons, that was awarded in favor of the Defendant James T. Farrell and the Family

Independent Agency only, and the determination of his motion for attorney misconduct/

Discipline proceeding and motion for substitution of parties was denied as moot.

87.     This 3rd Judicial Circuit Court shall not be prejudice by Plaintiff being this

action against Attorney James T. Farrell and even his own sister Defendant Dianna F.

Mayweather.   The ***buzzword terms*** is that if there a direct finding of corruption in the

Legal profession by a license lawyers, school teachers, sister or agency, the court must

[not] look the other way when making a determination of the finding of facts and the

conclusion of laws.

33.

## RELIEF REQUESTED

**WHEREFORE,** The Plaintiff's hereby re-alleges, as if recite verbatim, each and every allegation set forth in sub-paragraphs (53) through (87) of this Complaint for Declaratory Judgment and Demand for Injunction Relief, do says:

A.      As a direct and proximate result of Defendants wrongful misconduct, the Plaintiff's has suffered substantial economic injury, loss of good will, harm to his career Of business reputation, loss of esteem and standing in the community, and

B.       Loss of business opportunities.

C.      The court must declare the maximum relief that's possible.

D.      That provides a endorsement in the amount of **$5.5 Million Dollars.**

Respectively Submitted

By. _____

Michael C. Lyons P.C.
Legal Assistant for Plaintiff
13300 Elmdale Street
Detroit, MI 48213-1709
(313) 371-3710

Dated: July 16, 2002

## THE UNITED STATES DISTRICT COURT FOR

## THE EASTERN DISTRICT OF MICHIGAN

**MICHAEL CURTIS LYONS**

          Plaintiff,                        Case No:      NI
                                                HON. JUDGE

**Versus.**

**THE STATE BAR OF MICHIGAN,**
**VICTORIA V. KREMSKI** and **THE STATE**
**BOARD OF LAW EXAMINERS. TRACI L.**
**RICHARDS** an Attorney at Law. Practicing at
**METROPOLITAN LEGAL GROUP, P.L.P.C.**
**SHAUN MICHAEL J. NEAL** a third party attorney
at Law. and **BOBBIE PARROTT** a School Teacher
with the Jewish Vocational Services. **JAMES T. FARRELL,**
**FAMILY INDEPENDENT AGENCY** and
**DIANNA F. MAYWEATHER** an individual.

          Defendants.

**02-73070**

_____/

**MICHAEL C. LYONS P.C.**
Legal Advisors for Plaintiff
13300 Elmdale Street
Detroit, MI 48213-1709
(313) 371-3710

### _RELIANCE UPON PREVIOUS REQUESTED_
### _AND DEMAND FOR INJUNCTION RELIEF_

    This civil action between these parties or other parties arising out of the same
transaction or occurrence alleged in the Complaint, has been previously
filed in the Circuit Court where its docket # 01-127018-CZ and also case
no: 01-13602-NI that's both are assigned to Judge Isidore B. Torres in the
3rd Judicial Circuit Court.

**THE PLAINTIFF'S,** by his tort case action, as MICHAEL C. LYONS

Legal Assistant only, files this Complaint seeking 'Declaratory Judgment pursuant to

FRCP. 57 and FRCP. 1245 et seq., are against the Defendants JAMES T. FARRELL,

The Family Independent Agency & DIANNA F. MAYWEATHER an Individual.

THE STATE BAR OF MICHIGAN, VICTORIA V. KREMSKI , and THE

STATE BOARD OF LAW EXAMINERS.  TRACI L. RICHARDS an

Attorney at Law, practicing at Metropolitan Legal Group, P.L.L.C in the State of

Michigan.  SHAUN MICHAEL J. NEAL a third party 'Attorney at Law.  And

BOBBIE PARROTT a school teacher with the Jewish Vocational Services, and

therefore, for their actual grounds do says:

## CONCLUSION

**FINALLY,** The Plaintiff MICHAEL C. LYONS Legal Assistant or Advisor

Conclusion of Laws., as a direct and proximate result of the intentional intrusion upon

seclusion by the Attorney James T. Farrell Misconduct/Discipline Proceeding by

conspiring in a conspiracy with Defendant Dianna F. Mayweather and the ' Malicious

Prosecution' by negligence misrepresentation of law by false publication of a memo or

fax's by the above Defendants State Bar of Michigan alleged prosecution of Plaintiff (Mr.

Lyons) by nothing but lies by all the Above Defendants.   The Plaintiff has suffered

damages, both economic and non-economic, in excess of **($5.5 Million Dollars),**

including, but not limited to, the following: physical pain and suffering, mental anguish,

several emotional distress, degradation, embarrassment and extreme humiliation, all past,

present and future and will state as follows:

2.

a.    **Failure to properly disclose** pertinent information in
regarding to the potential safety and welfare of Plaintiff,
and by all the above Defendants Misconduct.

b.    **Failure to properly warn** Plaintiff Michael Lyons of
Traci L. Richards making false complaints or history, Including
Filing false stalking charges to the Macomb county Jail to have
Plaintiff arrested illegally and the History of her other alleged
incidents to have her also contact the State Bar of Michigan by
filing a false Complaint.

c.    **Failure to properly include** the pertinent information
to Plaintiff of the true source of why the State Bar of
Michigan would be investigating a unauthorized practice
Of law inquiry when they knew Plaintiff is only a legal aid.

d.    **Failure to properly recommend** and follow through upon
the alleged information by these complaints made by the above
Defendants, by only speculation or there are presumptively
Sufficient facts to bring prosecution Plaintiff for unauthorized
Practice of law when he informed the State Bar of Michigan
That he works for an attorney.

e.    **Failure to timely and properly review** all pertinent information
asserted and contained as to both of the attorneys conduct of
defrauding their clients out of their money that would include a
unauthorized practice of law against them, and informed the
courts of their history of making false complaints.

f.    **Any and all other acts and/or omissions** that may be construed
as to detriment or injuries to Plaintiff being a legal aid and the
potential lost of his career, violates his equal rights under the
equal opportunity protection clause, that concludes malicious
prosecution by gross negligence misrepresentation of laws by
the publication of a memo or fax's that maybe revealed during
the course of discovery.

All of the above named Defendants are jointly and severally liable to Plaintiff Michael C.

Lyons being prosecution by the '***State Bar of Michigan***' insofar as a percentage of fault

**'Arising under FRCP 54 (B) FRCP. 1246 et seq.,** and Plaintiff's only request a fair

ruling by the state court judge as a *'Demand for Injunction Relief'* will satisfy any future

judgment that may become awarded in his favor.

Respectively Submitted,

By. Michael C. Lyons P.C. Legal Assistant

Dated: July 16, 2002

4.